UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| ERECTION SPECIALISTS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:00-CV-281 |
| ) | (Shirley) |
| EDWARDS DEUTZ DIESEL, INC., ) | |
| and DEUTZ CORPORATION, ) | |
| ) | |
| Defendants; ) | |
| ) | |
| and ) | |
| ) | |
| DEUTZ CORPORATION, ) | |
| ) | |
| Cross-Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| EDWARDS DEUTZ DIESEL, INC., ) | |
| ) | |
| Cross-Defendant. ) | |

## **MEMORANDUM & ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636(c), Rule 73(b) of the Federal Rules of Civil Procedure, and the consent of the parties, for all further proceedings, including entry of judgment [Doc. 29].

The defendant and cross-plaintiff Deutz Corporation ("Deutz") moves pursuant to Rule 60 of the Federal Rules of Civil Procedure for entry of an Order granting relief from the judgment entered in this cause on June 28, 2005. [Doc. 110]. For grounds, Deutz states that it and its counsel first received notice on July 27, 2005 that the judgment had been entered in this case.

The judgment orders Defendant Edwards Deutz Diesel, Inc. ("Edwards") to pay Deutz "all costs, including expenses and attorneys' fees, incurred by Deutz in this litigation." Because it did not receive notice of the judgment until July 27, 2005, Deutz argues that it was not afforded a reasonable opportunity to file a motion pursuant to Rule 54(d)(2) for its claim of attorneys' fees as awarded in the judgment. Deutz contends that its failure to receive timely notice regarding the entry of judgment was due to matters outside the control of Deutz or its counsel. Deutz further contends that even assuming that the failure to receive timely notice were within the control of Deutz or its counsel, the failure to file the Rule 54(d) motion was a result of "mistake, inadvertence, surprise, or excusable neglect" within the meaning of Rule 60(b). [Doc. 110]. Defendant Edwards has not filed any opposition to the motion.

Rule 54(d)(2) of the Federal Rules of Civil Procedure provides that an application for attorney fees and non-taxable costs must be filed within fourteen days of the entry of judgment. Deutz failed to meet this requirement and asserts that it failed to do so because its counsel did not receive an email notification of the entry of judgment. [Affidvait of David L. Hill ¶ 5]. The Court's file, however, indicates that a Notice of Electronic Filing was generated by the Court's Electronic Case Filing System on June 28, 2005, and was electronically mailed to attorney David L. Hill. [Doc. 106]. Pursuant to Local Rule 5.2, "the Notice of Electronic Filing generated by the Court's Electronic Case Filing System (CM/ECF) shall constitute service of the electronically filed document on persons who have consented to electronic service and waived the right to service by personal service or first class mail." E.D.TN LR 5.2. By operation of this rule, attorney Hill is deemed to have been served with the judgment as of June 28, 2005. Accordingly, the issue before

2

the Court is whether Deutz's or its counsel's failure to timely file a motion for its claim of attorney's fees constitutes "excusable neglect" within the meaning of Rule 60(b).

The determination of whether a party's actions constitute excusable neglect is a matter of discretion for the Court. See Allen v. Murph, 194 F.3d 722, 724 (6th Cir. 1999). In making this determination, the Court must not only consider "whether the client has done all that [it] reasonably could to ensure compliance with a deadline; the performance of the client's attorney must also be taken into account." Id. (citing In re Pioneer Investment Services Co., 507 U.S. 380, 396, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993)). To demonstrate excusable neglect, Deutz must show (1) that its failure to meet the deadline for filing its Rule 54(d) motion was a result of neglect, and (2) that the failure to act was excusable. See Turner v. City of Taylor, 412 F.3d 629, 650 (6th Cir. 2005). As the Supreme Court has stated:

> [T]he determination [of whether a case of neglect was excusable] is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission . . . [including] the danger of prejudice to the [non-moving party], the length of the delay and its impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

Pioneer, 507 U.S. at 395, 113 S. Ct. 1489.

In light of the factors as set forth by the Supreme Court in Pioneer, and upon consideration of all the relevant circumstances, the Court finds that Deutz has demonstrated that its failure to file a timely motion for attorney's fees was a result of excusable neglect. Deutz filed the present motion less than thirty days after the entry of the final judgment and immediately upon learning of the entry of the judgment. The Court does not find that the delay in seeking attorney's fees to be unreasonable or to otherwise create any undue prejudice for Defendant Edwards. Further,

3

although it is unclear why attorney Hill has no record of receiving the electronic notification sent by the Court, it appears that both Deutz and its counsel have acted in good faith. For these reasons, Deutz's Motion for Relief From Judgment [Doc. 110] is **GRANTED**, and the Court will consider Deutz's late-filed request for attorney's fees.

In its Motion Regarding Claim For Attorneys' Fees [Doc. 108], Deutz states that it has incurred legal fees in this action totaling $49,839.00.[1] Of that amount, $880.00 relates directly to the preparation and filing of the Motion for Relief From Judgment, and $605.00 relates to counsel's general review of the judgment and subsequent preparation of the present motion. The remainder of the fees relates to activity prior to receipt of the judgment in this case. In support of its motion, Deutz submits the Affidavit of attorney David Hill, who states that the fees incurred were both reasonable and necessary in the defense of this action. [Doc. 108].

Upon review of the Defendant's motion and supporting affidavit, the Court finds that most of the requested fees were both reasonable and necessary, especially given the complexity of the issues involved and the length of time – over five years – that this matter has been pending.[2] Furthermore, the Court notes that Defendant Edwards has not filed any opposition to the present motion. "Failure to respond to a motion may be deemed a waiver of any opposition to the relief

---

[1]In its motion, Deutz also seeks an award of $82,780.66 in litigation fees and expenses. These fees and expenses are also the subject of a Bill of Costs submitted to the Court for consideration pursuant to Fed. R. Civ. P. 54(d)(1) and Local Rule 54.1. Accordingly, the Court will not address these litigation fees and expenses in the present Order.

[2]Deutz's counsel did not attach copies of his billing statements to the motion for attorney's fees. While such documentation is usually required by the Court to support an award of fees, in light of the reasonableness of the charge – especially given the length of time that this case has been pending – as well as the complexity of the legal issues involved, the Court will not require Deutz to produce such documentation in support of its motion.

4

sought." E.D.TN. LR 7.2. However, the Court declines to award Deutz fees for the filing of the Motion for Relief From Judgment, in light of the fact that this motion was necessitated only by the excusable neglect of counsel. Accordingly, $880.00 will be deducted from the requested amount. Deutz Corporation's Motion Regarding Claim For Attorneys' Fees [Doc. 108] is therefore **GRANTED**. Deutz is hereby awarded attorney's fees in the amount of **$48,959.00**.

**IT IS SO ORDERED.**

**ENTER:**

   s/ C. Clifford Shirley, Jr.
United States Magistrate Judge